United States District Court
Southern District of Texas

**ENTERED**

July 27, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN A. PARRAS CUMPEAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4798 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Juan A. Parras Cumpean ("Petitioner"), who is a citizen of Mexico, entered the United States without inspection on an unknown date.[1]  On June 2, 2026, Petitioner was detained by police in Victoria, Texas, and was transferred to Immigration and Customs Enforcement custody.[2]  On June 3, 2026, Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]  Petitioner remains in immigration custody.[4]

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 7 ¶ 32; Motion for Summary Judgment and Response to Habeas Petition ("Respondents' MSJ"), Docket Entry No. 6, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 9 ¶ 44.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry
(continued...)

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[6] Petitioner has filed a reply.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action

---

[3](...continued)
No. 6-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 6, p. 2.

[5]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 16-17 ¶¶ 76-86.

[6]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

[7]Petitioner's Reply to Respondents' Answer and Motion for Summary Judgment, Docket Entry No. 7.

No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 27th day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-